IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHARLES M. COMSTOCK, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:17-cv-344-B |
| | § | |
| CITY OF BALCH SPRINGS AND | § | |
| ANGELEANA TOLLIVER, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
<u>**UNITED STATES MAGISTRATE JUDGE**</u>

Plaintiff Charles M. Comstock has filed a *pro se* action against Defendants City of Balch Springs and Angeleana Tolliver, who, based on Plaintiff's complaint, appears to be an employee of the City.

Defendants have moved to dismiss Plaintiff's complaint under Federal Rules of Civil Procedure 12(b)(5) and 12(b)(6). *See* Dkt. No. 6. Plaintiff has responded, *see* Dkt. No. 11, and Defendants have filed a reply brief, *see* Dkt. No. 12. United States District Judge Jane J. Boyle has referred the motion to dismiss to the undersigned United States magistrate judge for hearing, if necessary, and recommendation or determination. *See* Dkt. No. 13 (citing 28 U.S.C. § 636(b)). After the referral order was entered, Plaintiff filed a second response – substantively, an unauthorized sur-reply, *see* Dkt. No. 15 – which Defendants have moved to strike, *see* Dkt. No. 16.

The undersigned issues the following findings of fact, conclusions of law, and recommendation that the Court should grant the motion to strike and grant the motion

to dismiss in part by quashing Plaintiff's defective service of process, dismissing the complaint without prejudice, and granting Plaintiff leave to, within a reasonable amount of time to be set by the Court, (1) file an amended complaint containing factual allegations that are sufficient enough to allege a plausible claim for relief and (2) properly serve that amended complaint on Defendants.

## Legal Standards and Analysis

Unauthorized Sur-reply

The Court's local rules allow responses and replies to motions to dismiss but do not contemplate sur-replies. *See* N.D. TEX. L. CIV. R. 7.1. Plaintiff, moreover, did not seek leave from either Judge Boyle or the undersigned before submitting his "Second filing," received and docketed on May 3, 2017. *See* Dkt. No. 15. Accordingly, the Court should grant the motion to strike [Dkt. No. 15], and the undersigned has not considered that filing in the course of analyzing Defendants' motion to dismiss.

Insufficient Service of Process

Service of process is "fundamental to any procedural imposition on a named defendant" and is therefore "the official trigger for responsive action by an individual or entity named defendant." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350, 353 (1999). Indeed, "[a] federal court is without personal jurisdiction over a defendant unless the defendant has been served with process in accordance with Federal Rule of Civil Procedure 4." *Naranjo v. Universal Sur. of Am.*, 679 F. Supp. 2d 787, 795 (S.D. Tex. 2010) (citing *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987)).

Federal Rule of Civil Procedure 12(b)(5) provides for dismissal for insufficient service of process, including for "'the lack of delivery of the summons and complaint.'" *Id.* (quoting *Neely v. Khurana*, No. 3:07-cv-1344-D, 2008 WL 938904, at *2 (N.D. Tex. Apr. 7, 2008)); *see Quinn v. Miller*, 470 F. App'x 321, 323 (5th Cir. 2012) (per curiam) ("A motion to dismiss pursuant to Rule 12(b)(5) turns on the legal sufficiency of the service of process."); *see also Raburn v. Dae Woo, Inc.*, No. 3:09-cv-1172-G, 2010 WL 743933, at *1 (N.D. Tex. Mar. 3, 2010) ("A 12(b)(5) motion to dismiss poses a challenge to the manner or method of service attempted by the plaintiff rather than the form or content of the summons." (citing *Tinsley v. Comm'r of Internal Revenue Serv.*, No. 3:96-cv-1769-P, 1998 WL 59481, at *3 (N.D. Tex. Feb. 9, 1998))).

"Once the validity of service has been contested, the plaintiff bears the burden of establishing its validity." *In re Katrina Canal Breaches Litig.*, 309 F. App'x 833, 835 (5th Cir. 2009) (per curiam) (citing *Carimi v. Royal Carribean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1992)); *accord Quinn*, 470 F. App'x at 323. And a plaintiff's *pro se* status does not excuse any failure to properly effect service of process. *See Sys. Signs Supplies v. U.S. Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990).

Here, although it appears that Plaintiff obtained from the Clerk of Court a signed summons bearing the Court's seal, as required by Federal Rule of Civil Procedure 4(b), *see* Dkt. No. 4, there is no evidence – and Plaintiff has not met his burden, in the face of a Rule 12(b)(5) motion, to show – that a court-issued summons was properly served on each defendant, as required by Federal Rule of Civil Procedure

4(c)(1), *see* Dkt. No. 5 (summons returned executed as to Defendants filed with the Court); Dkt. No. 6-1 at 9 (same summons showing receipt by the City on Feb. 9, 2017).

The failure to "ensure that a summons was served on [each] defendant ... violates Rule 4(b) and has resulted in both insufficient process and insufficient service of process." *Kyser v. Edwards*, No. 2:16-cv-05006, 2017 WL 924249, at *2 (S.D. W. Va. Feb. 9, 2017), *rec. adopted*, 2017 WL 891293 (S.D. W. Va. Mar. 6, 2017); *see Bloom v. Democratic Nat'l Committee*, No. 01 Civ.11598 RWS, 2002 WL 31496272, at *2 (S.D.N.Y. Nov. 6, 2002) ("Because no summons was served on the DNC, Bloom's attempted service of process was fatally defective." (collecting cases)); *accord Carney v. Peters*, No. 08-CV-0154-GKF-FHM, 2008 WL 4446997, at *1 (N.D. Okla. Sept. 26, 2008).

But Plaintiff's obtaining the proper summons in the first instance is evidence here that "Plaintiff has the ability to effectuate proper service upon" Defendants, and, where that ability is apparent, particularly when there has been but one attempt at service, "dismissal is not appropriate." *Fogarty v. USA Truck, Inc.*, No. 3:05-cv-1783-M, 2005 WL 3982061, at *7 (N.D. Tex. Dec. 16, 2005) (citing *Stanga v. McCormick Shipping Corp.*, 268 F.2d 544, 554 (5th Cir. 1959) ("[O]ne single attempted service of process" does not justify dismissal for failure to effectuate service of process on the basis "that there is simply no reasonably conceivable means of acquiring jurisdiction over the person of a defendant.")), *rec. accepted*, 2006 WL 1154765 (N.D. Tex. May 2, 2006); *cf. Coleman v. Bank of N.Y. Mellon*, No. 3:12-cv-4783-M-BH, 2015 WL 5437661,

at *6 (N.D. Tex. Aug. 14, 2015) (observing that, "because Defendant has also moved to dismiss [the] claims under Rule 12(b)(6), dismissal without prejudice for purposes of allowing Plaintiff to serve it properly is unnecessary" (citations omitted)), *rec. accepted*, 2015 WL 5439027 (N.D. Tex. Sept. 15, 2015).

Therefore, the Court should quash Plaintiff's defective service and deny dismissal under Rule 12(b)(5) to allow Defendants to re-file such a motion if Plaintiff files and serves an amended complaint.

Failure to State a Claim

In deciding a Federal Rule of Civil Procedure 12(b)(6) motion for failure to state a claim upon which relief may be granted, the Court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007). But a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level," *id.* at 555.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the

mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679).

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, a plaintiff must allege more than labels and conclusions, and, while a court must accept all of a plaintiff's allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.* But, "to survive a motion to dismiss" under *Twombly* and *Iqbal*, a plaintiff need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that Plaintiff contends entitle him or her to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. ___, 135 S. Ct. 346, 347 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)).

The Supreme Court of the United States "has made clear that a Rule 12(b)(6) motion turns on the sufficiency of the '*factual* allegations' in the complaint," *Smith v. Bank of Am., N.A.*, 615 F. App'x 830, 833 (5th Cir. 2015) (per curiam) (quoting *Johnson*, 135 S. Ct. at 347; emphasis added by *Smith*), and the Federal Rules of Civil Procedure "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted," *Johnson*, 135 S. Ct. at 346. That rationale has even more force in this case, as the Court "must construe the pleadings of *pro se*

litigants liberally." *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006).

A court cannot look beyond the pleadings in deciding a Rule 12(b)(6) motion. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). Pleadings in the Rule 12(b)(6) context include attachments to the complaint. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). Documents "attache[d] to a motion to dismiss are considered to be part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). "Although the Fifth Circuit has not articulated a test for determining when a document is central to a plaintiff's claims, the case law suggests that documents are central when they are necessary to establish an element of one of the plaintiff's claims. Thus, when a plaintiff's claim is based on the terms of a contract, the documents constituting the contract are central to the plaintiff's claim." *Kaye v. Lone Star Fund V (U.S.), L.P.*, 453 B.R. 645, 662 (N.D. Tex. 2011). "However, if a document referenced in the plaintiff's complaint is merely evidence of an element of the plaintiff's claim, then the court may not incorporate it into the complaint." *Id.*

In addition, "it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *accord Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2008).

Here, Plaintiff's complaint does not lack for labels and legal conclusions. And,

based on its threadbare facts – which are not sufficient to state a claim that is plausible on its face – Plaintiff is upset at Defendants because he has been cited for "accumulat[ing] junk or rubbish," "solid waste," and a "junk vehicle" on land that Plaintiff claims his "name is not on." Dkt. No. 2 at 8, 9, 10, 12; *compare id.* at 8 (claiming that "city Marshall" sent him "several citations over a mess [I] did not make nor did [I] have any control over") *and id.* at 1 ("They are demanding that [I] come down to their kangaroo court and answer void and null charges."), *with id.* at 11 (sworn complaint against Plaintiff for a junk vehicle being on land "in [his] control").

Even if these facts supported an inference that Plaintiff is not the person who should be held responsible for the junk and an associated inference that Defendants' citing him for the accumulated junk amounts to misconduct on their part, those inferences alone amount to no "more than the mere possibility of misconduct," *Iqbal*, 556 U.S. at 679, which is, of course, not enough to state a plausible claim.

And the Court should not attempt to shoehorn Plaintiff's facts into the labeled causes of action set out in his complaint, because "[t]he burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." *Robbins v. State of Oklahoma ex rel Dep't of Human Servs.*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 556).

Dismissal under Rule 12(b)(6) is therefore appropriate.

## Recommendation

The Court should grant the motion to strike [Dkt. No. 16] and grant the motion

to dismiss [Dkt. No. 6] in part by quashing Plaintiff's defective service of process, dismissing the complaint without prejudice, and granting Plaintiff leave to, within a reasonable amount of time to be set by the Court, (1) file an amended complaint containing factual allegations that are sufficient enough to allege a plausible claim for relief and (2) properly serve that amended complaint on Defendants.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 18, 2017

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE